IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ASHLEY LYNDOL JONES, )
)
Petitioner, )
)
v. ) CASE NO. CV502-116
)
BRUCE CHATMAN, Warden Georgia )
Diagnostic and Classification )
Center, )
)
Respondent. )
)

## ORDER

Before the Court is Petitioner's Motion to Stay Proceedings Pending Supreme Court's Decision in Wilson v. Sellers, No. 16-6855 (U.S.). (Doc. 113.) On February 27, 2017, the Supreme Court of the United States granted certiorari in that case to address the following question:

> Did this Court's decision in Harrington v. Richter, 562 U.S. 86 (2011), silently abrogate the presumption set forth in Ylst v. Nunnemaker, 501 U.S. 797 (1991)-that a federal court sitting in habeas proceedings should "look through" a summary state court ruling to review the last reasoned decision - as a slim majority of the en banc Eleventh Circuit held in this case, despite the agreement of both parties that the Ylst presumption should continue to apply?

For the following reasons, the motion is **DENIED**.

Petitioner previously requested a stay in this case based on Wilson. (Doc. 108.) Because the Supreme Court of the United States had not yet ruled on whether to grant certiorari in Wilson, the Court denied Petitioner's motion and directed the parties to

continue briefing the issue of Petitioner's entitlement to an evidentiary hearing. (Doc. 109.) On May 25, 2017, this Court denied Petitioner's motion for an evidentiary hearing. (Doc. 112.) Pursuant to the scheduling order, Petitioner had ninety days from May 25, 2017 to file his final brief regarding the claims raised in his federal habeas petition. (Doc. 49.) Despite his awareness of the pending deadlines, Petitioner did not request a stay until twelve days after this Court entered the order denying an evidentiary hearing. More importantly, Petitioner did not file a renewed motion to stay this case when the Supreme Court granted the petition for certiorari in Wilson on February 27, 2017. Instead, Petitioner waited over three months to file his renewed motion to stay.

Accordingly and after careful consideration of the record in this case, the Court does not believe that staying this proceeding is appropriate at this time. However, the Court is aware that the Supreme Court's decision in Wilson may affect Petitioner's entitlement to relief. The Court will consider allowing the parties to submit supplemental briefing should the decision in Wilson provide further guidance on the appropriate standard to be used in this case.

SO ORDERED this 7th day of June 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA