IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ASHLEY LYNDOL JONES, | |
| Petitioner, | CIVIL ACTION NO.: 5:02-cv-116 |
| v. | |
| WARDEN, Georgia Diagnostic and Classification Center, | |
| Respondent. | |

**O R D E R**

Before the Court is Petitioner Ashley Lyndol Jones's Renewed Motion for Discovery and an Evidentiary Hearing,[1] (doc. 180), and Motion to Perpetuate the Testimony of Charles and Darquitta Riley, (doc. 190). In the former, Petitioner argues that he is entitled to additional discovery about his claim of juror misconduct following the resurfacing of previously unconsidered evidence. (See generally doc. 180.) Respondent Warden of Georgia Diagnostic and Classification Center filed a Response, (doc. 183), and Petitioner filed a Reply, (doc. 188). Additionally, Petitioner moves to depose a former juror and his wife, arguing that their older age gives rise to concerns about their ability to testify in the future. (See generally doc. 190.) To the latter Motion, Respondent has filed a Response, (doc. 191), and Petitioner has filed a Reply, (doc. 192.) For the reasons below, the Court **DENIES** Petitioner's Motions. (Docs. 180, 190.)

---

[1] Alongside Petitioner's Renewed Motion for Discovery and an Evidentiary Hearing, Petitioner also submits a Motion for Leave to File Overlength Motion, (doc. 179), as his Renewed Motion for Discovery exceeds the page limit set by Local Rule 7.1(a). Given that the Motion is unopposed, the Court **GRANTS** Petitioner's Motion for Leave to File Overlength Motion and will accordingly consider Petitioner's Renewed Motion for Discovery in its entirety.

# BACKGROUND

## I. Factual History

The facts of Petitioner's criminal case were set forth by the Supreme Court of Georgia as follows:

> [Petitioner] and his co-defendant, Allen Bunner, began the crime spree which led to the death of Keith Holland on the night before the murder, when they stole four cases of beer from a convenience store in Ware County. The co-defendants fled in an automobile with three other companions, who were waiting for them outside the store. The group spent the remainder of the night driving around aimlessly and drinking the stolen beer, until their car broke down, and [Petitioner] and Bunner left the others, stating they were going to find a truck.
>
> The co-defendants stole a Ford truck, belonging to Rudolph Melton, which was parked in front of Melton's residence. After driving around for several more hours in the stolen truck, they arrived at the home of the victim, Keith Holland. Bunner knocked on Holland's front door at approximately 5 a.m. and asked Holland's wife Mamie for assistance, on the pretext that the truck's battery was dead. Mamie Holland woke her husband, and he went outside to assist Bunner. As Holland was leaning over to look in the engine compartment of the truck, [Petitioner] struck him in the head from behind with a sledge hammer.
>
> Mamie Holland witnessed the first blow from her dining room window and reacted by screaming for [Petitioner] to stop and by banging on the window. [Petitioner] turned and looked at her but continued to pound the victim, inflicting at least six blows to the head and face, all of which were potentially fatal. Prior to leaving in the victim's truck, [Petitioner] got out of the vehicle and hit the victim again, while he was lying on the ground. EMS workers arrived within minutes after the co-defendants' departure. Because of the injuries to the victim's face, EMS workers were unable to perform CPR or intubate the victim, and he died before reaching the hospital.
>
> [Petitioner] and Bunner drove to Florida in the victim's truck. They tossed Holland's personal belongings out of the truck along the way, and pawned two chain saws belonging to Melton. Police learned of their whereabouts through telephone calls made by the co-defendants to a friend in Georgia, and they were arrested at a welcome station south of the Georgia-Florida line. The victim's truck, which [Petitioner] and Bunner had burned, was found in the woods a short distance away.

Jones v. State, 481 S.E.2d 821, 823–24 (Ga. 1997).

## II. Procedural History

2

Petitioner was convicted of murder and sentenced to death in 1995. (Doc. 173, p. 2.) The Supreme Court of Georgia affirmed Petitioner's conviction and sentence. Jones, 481 S.E.2d at 826. Following the issuance of his execution warrant, Petitioner filed a habeas corpus petition in state court. (Doc. 37, p. 3.) The Superior Court conducted an evidentiary hearing on March 15, 1999, and ultimately denied the petition on January 7, 2000. (Id.) After unavailing state-court proceedings, Petitioner sought habeas relief in federal court under 28 U.S.C. § 2254 in December 2002. (Doc. 5.) This Court denied the petition in all respects, (doc. 153), and denied Petitioner's motion for a certificate of appealability, (doc. 161).

In 2022, the Eleventh Circuit Court of Appeals granted a limited certificate of appealability to determine, among other things, whether Petitioner should receive discovery or an evidentiary hearing to develop a juror misconduct claim. (Doc. 173, p. 2.) Petitioner had previously alleged (to this Court) that two observations of a dismissed penalty-phase juror suggested that there had been extrinsic influence on the jury and warranted discovery or a hearing. (Id. at p. 11; see also doc. 112.) The dismissed juror had seen one juror holding a Bible and a few others drinking alcoholic beverages with bailiffs, but the dismissed juror declined to testify or submit any written statement about her observations. (Doc. 173, p. 11; doc. 112, pp. 16–18.) The Court found Petitioner had failed to show the necessary "good cause" for discovery on these facts and that he had failed to show grounds for an evidentiary hearing because the alleged observations by the juror, even if true, did not rise to the level of juror misconduct or extraneous influence. (Doc. 173, pp. 11–12; doc. 112, pp. 17–18.)

Following oral argument before the Eleventh Circuit on this issue, Petitioner discovered relevant "work product generated during [his] state habeas proceedings." (Doc. 173, p. 12.) Specifically, Petitioner found notes taken by a paralegal regarding his legal team's efforts to talk

to jurors, including additional details on potential juror misconduct. (Id.) According to the notes, which are dated August 15, 1998 (more than six months before Petitioner's evidentiary hearing), juror Charles Riley said he started a Bible study with the other jurors, and the jurors prayed together before court and at night in their hotel. (Doc. 180-1, p. 29.) Riley also said that the bailiff brought the jury a Bible in the deliberation room. (Id.) The Eleventh Circuit noted that "it is not entirely clear why [Petitioner]'s current federal counsel didn't find these documents earlier," but granted Petitioner's motion to supplement the appellate record with the new information. (Doc. 173, p. 13.) Because the supplemented record presents a "slightly different case now," the Eleventh Circuit remanded the matter so the Court may decide these "fact-sensitive issues on the supplemented record." (Id. at 14.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act (AEPDA), a federal court shall not hold an evidentiary hearing on a claim if the petitioner has failed to develop the factual basis for the claim in state court unless the petitioner shows that

> (A) the claim relies on—
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Thus, if the petitioner was not diligent in his efforts to develop his claim in state court, he may not receive an evidentiary hearing unless he can satisfy the two limited scenarios in § 2254(e)(2)(A) and (B). See Williams v. Taylor, 529 U.S. 420, 437 (2000). "Finally, even if all of these requirements are satisfied, a federal habeas court still is not *required*

to hold a hearing or take any evidence." Shinn v. Ramirez, 596 U.S. 366, 381 (2022). "Like the decision to grant habeas relief itself, the decision to permit new evidence must be informed by principles of comity and finality that govern every federal habeas case." Id. at 381–82 (citing Brown v. Davenport, 596 U.S. 118, 133 (2022)).

## DISCUSSION

I. **Whether the Late Discovery of the Juror Notes Affects the Due-Diligence Calculus**

The Eleventh Circuit directed the Court to determine both whether "the late discovery of the juror notes . . . affect[s] the due-diligence calculus" and whether, considering all the evidence (including the new evidence), Petitioner is entitled to discovery and an evidentiary hearing. (Doc. 173, p. 14.)

**A. Evidentiary Hearing**

The Court must begin with the new evidence's effect on the threshold diligence analysis. "[T]he opening clause of § 2254(e)(2) codifies [a] threshold standard of diligence," Williams, 529 U.S. at 434, and thus, "the court must first determine 'whether the prisoner was diligent in his efforts' to develop the facts in state court." Ledford v. Warden, Ga. Diag. Prison, 975 F.3d 1145, 1163 (11th Cir. 2020) (quoting id. at 435). "If . . . the Court finds that the petitioner *has* exercised due diligence at the state level, Rule 6(a) of the Rules Governing § 2254 Cases applies and permits the district court to authorize discovery 'for good cause.'" Jones v. Warden, Georgia Diagnostic & Classification Prison, No. 20-12587, 2022 WL 4078631, at *4 (11th Cir. Sept. 6, 2022); see also Williams, 529 U.S. at 433–34 (holding that § 2254(e)(2)'s provisions barring discovery apply only if the petitioner was not reasonably diligent in trying to develop the factual record in state court). "[A] failure to develop the factual basis of a claim," as § 2254(e)(2) requires, is established where "there is lack of diligence, or some greater fault, attributable to the

5

prisoner or the prisoner's counsel." Shinn, 596 U.S. at 383 (quoting Williams, 529 U.S. at 432). Simply put, "counsel's failure to perform as a diligent attorney triggers the opening clause of § 2254(e)(2)." Id. at 385 (alterations adopted) (quotations omitted).

Previously on this issue, the Court found Petitioner was diligent in state court proceedings. (Doc. 37, p. 9) ("In light of [Petitioner's] efforts, it does not appear that the AEDPA would bar discovery for lack of diligence . . ."). Now, Petitioner contends that "the discovery of this additional evidence has no bearing on this Court's prior determination of diligence." (Doc. 180, p. 3.) It is true that, "*in general*, [Eleventh Circuit] precedent says that when a petitioner requested an evidentiary hearing at every appropriate stage in state court and was denied a hearing on the claim entirely, the petitioner has satisfied the diligence requirement for purposes of avoiding Section 2254(e)(2)." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1289 (11th Cir. 2012) (emphasis added) (citing Valle v. Sec'y for Dep't of Corr., 459 F.3d 1206, 1216 (11th Cir. 2006)); see also Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002) (diligence requirement satisfied where petitioner "sought an evidentiary hearing on [the relevant claim] at every stage of his state proceedings" yet "[t]he state courts denied him the opportunity to present evidence related to [the] claim") (emphasis added). However,

> where a petitioner was granted an evidentiary hearing or other means of presenting evidence to the state court on the particular claim, and the petitioner failed to take full advantage of that hearing, *despite . . . having access to the potential evidence* and having sufficient time to prepare for the hearing, that petitioner did not exercise diligence in developing the factual foundation of his claim in state court.

Pope, 680 F.3d at 1289 (emphasis added); see, e.g., Ward v. Hall, 592 F.3d 1144, 1160 (11th Cir. 2010) (district court's finding that petitioner failed to exercise diligence was not clear error where petitioner "was afforded approximately three years to secure affidavits and witness testimony prior to his state habeas evidentiary hearings" but failed to submit relevant evidence,

6

even though he "managed to submit numerous exhibits and affidavits during the course of his hearings"); Chandler v. McDonough, 471 F.3d 1360, 1362 (11th Cir. 2006) (per curiam) (petitioner failed to exercise diligence in developing other evidence of claim, where petitioner "was given an evidentiary hearing on the claim in state court" and "also proffered in the state collateral proceeding a 195-page report in two parts by his expert on the issue"); Arthur v. Allen, 452 F.3d 1234, 1248 (11th Cir. 2006) (petitioner failed to exercise diligence where "[h]e failed to pursue the testing of the requested crime-related physical evidence during his three trials or through a state postconviction relief petition"); McNair v. Campbell, 416 F.3d 1291, 1298–1300 (11th Cir. 2005) (petitioner failed to exercise diligence where state court granted a hearing but denied his belated requests for expert funds because those requests were untimely, he could have developed evidence in less costly ways but did not, and he did not pursue the argument on state collateral appeal); Hall v. Head, 310 F.3d 683, 698 (11th Cir. 2002) (district court's finding that petitioner failed to exercise diligence was not clear error where state habeas court conducted a full-day evidentiary hearing, at which an expert "gave extensive testimony speculating about the kinds of psychological problems that afflict [petitioner]," petitioner's trial counsel "gave extensive testimony about their representation of [petitioner]," and petitioner's state habeas counsel "had eight months to prepare and failed to ask the court for access for psychological testing until four days before the hearing"); Isaacs v. Head, 300 F.3d 1232, 1249–50 (11th Cir. 2002) (district court's finding that petitioner failed to exercise diligence was not clear error where petitioner was aware of evidentiary issue, and could have but did not develop the factual record on at least three occasions on which he was granted the opportunity to present evidence to the state court).

Here, as in the cases described above, Petitioner's counsel possessed specific, relevant evidence at the time of the state court evidentiary hearing and failed to develop the factual record when given the opportunity. Though Petitioner's evidentiary hearing was not conducted for more than six months after the juror was apparently interviewed, "[t]he juror-interview notes have existed since 1998 and were in [Petitioner]'s lawyers' possession all along, yet no set of lawyers discovered them." (Doc. 173, p. 13.)

"Diligence for purposes of [Section 2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, *in light of the information available at the time*, to investigate and pursue claims in state court." Williams, 529 U.S. at 435 (emphasis added). While Petitioner was previously considered diligent for purposes of Section 2254, that was what "the facts of this case seem[ed] to indicate" at the time. (Doc. 37, p. 9.) The evidence Petitioner seeks to develop today—the information in the interview notes—is evidence that has long been in his possession. (See doc. 180, p. 31 n.25.) Knowing now that Petitioner's counsel has, for decades, been in possession of this additional evidence, it can no longer be said that Petitioner made a reasonable attempt, *in light of the information available at the time*, to investigate or develop their claim of juror misconduct.

The discovery of new information does not warrant an evidentiary hearing where Petitioner had opportunities to present that evidence during state habeas proceedings. Isaacs, 300 F.3d at 1248–50. Rather, it is precisely these failures to present and develop evidence at prior proceedings that amount to insufficient diligence. See id.; see also Roberts v. Dretke, 356 F.3d 632, 641 (5th Cir. 2004) ("Seeking and presenting [evidence] available at the time of the state habeas hearing is within the exercise of due diligence."). By Petitioner's own admission, he "possessed [the] additional information" and "could have proffered [it] to the state habeas court

8

in support of his right to develop the claim." (Doc. 188, p. 8.) Yet, Petitioner offers no reason why this important information was not used to previously develop his claim, except that, in sum, it was "a particularly chaotic time." (Doc. 180, p. 31 n.25.) Petitioner appears to downplay the additional evidence as a "few pages of notes" that cannot undercut the Court's prior finding that Petitioner was diligent, (id. at p. 6.), yet it is the very contents of these "few pages" that Petitioner contends entitle him to an evidentiary hearing, (see id. at p. 20).

"[B]ecause [the petitioner] failed to present the evidence . . . at his state habeas proceeding that he now seeks to introduce via an evidentiary hearing at his federal habeas proceeding, his protestation of diligence fell short of the mark." Ward, 592 F.3d at 1160. In Ward, the Eleventh Circuit affirmed that a petitioner fails to exercise due diligence where "[the petitioner] presents no evidence suggesting that the material that he now seeks to present was not available during the period between the submission of his state habeas petition and his state habeas evidentiary hearings." Id. Here, not only does Petitioner fail to show the new evidence was previously unavailable, Petitioner freely admits that this evidence has been in his counsel's possession for decades but was merely "inadvertently overlooked." (Doc. 180, pp. 18, 31.) Because "counsel's failure to perform as a diligent attorney triggers the opening clause of § 2254(e)(2)," Petitioner can only receive an evidentiary hearing through the narrow exceptions of § 2254(e)(2)(A) and (B). Shinn, 596 U.S. at 385 (alterations adopted) (quotations omitted).

"To respect our system of dual sovereignty, the availability of habeas relief is narrowly circumscribed." Id. at 375 (internal citation omitted). Accordingly, where a petitioner was not diligent for the purposes of § 2254(e)(2), only the narrow exceptions of § 2254(e)(2)(A) and (B) allow for an evidentiary hearing. Petitioner's claim does not rely on "a new rule of constitutional law," nor is the new information a "factual predicate that could not have previously been

discovered," since it has been in counsel's possession for decades.  See 28 U.S.C. § 2254(e)(2)(A).  Likewise, Petitioner does not contend that "but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense," id. § 2254(e)(2)(B).  That is so say, "[Petitioner] presents no alternative argument should [the Court] find, as [it] ha[s], that he is subject to § 2254(e)(2)(A) and (B)."  Ward, 592 F.3d at 1161.  Seemingly, Petitioner effectively concedes that a finding of diligence is a requirement for his Motion to be granted.[2]  (Doc. 188, p. 9.)  Because Petitioner fails at the diligence threshold of § 2254(e)(2), his motion for an evidentiary hearing must be denied.

### B. Discovery

Petitioner's motion for additional discovery must likewise be denied for the same reason.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254.  However, in "[d]etermining whether to grant or deny discovery" in the habeas context, "the [C]ourt must apply the 'additional barrier[] limiting a habeas petitioner's right to discovery,' and that is [§] 2254(e)(2)'s diligence requirement: that is, whether the petitioner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court."  Pakhomov v. Billups, No. 516CV00289ACAHNJ, 2019 WL 2489689, at *30 n.24 (N.D. Ala.

---

[2]  Furthermore, even if Plaintiff had argued his claim fits into the exceptions, the nature of the new evidence relates to Petitioner's sentencing, and "the § 2254(e)(2)(A) and (B) exceptions do not apply to issues relating to the sentencing phase of a trial."  Ward, 592 F.3d at 1161; see also In re Jones, 137 F.3d 1271, 1274 (11th Cir. 1998) (per curiam) ("As [we have] noted, and the statute itself specifies, this exception applies only to claims going to the question of whether or not the applicant is 'guilty of the underlying offense'—not to claims related to sentence.").

Jan. 8, 2019), *report and recommendation adopted as modified*, No. 5:16-CV-00289-ACA, 2019 WL 1237085 (N.D. Ala. Mar. 18, 2019) (quoting Isaacs, 300 F.3d at 1249.)  For the reasons already discussed, Petitioner fails to overcome this "additional barrier" of diligence.  Isaacs, 300 F.3d at 1249.  The Court need not evaluate whether the Petitioner has shown good cause, since he once again cannot pass the diligence threshold.

Because Petitioner has failed to show that he exercised diligence in his state court habeas proceedings, both his request for discovery and his request for an evidentiary hearing necessarily fail.  Accordingly, Petitioner's Renewed Motion for Discovery and an Evidentiary Hearing is **DENIED**.  (Doc. 180).

## II.     Whether Petitioner may Depose Charles and Darquitta Riley

Petitioner also moves to depose Charles Riley, a former juror, and his wife, Darquitta Riley, arguing, among other things, their testimony will be lost if not preserved, given that the Rileys are both in their eighties.  (See generally doc. 190.)  Petitioner invokes Federal Rule of Civil Procedure 27, which authorizes the Court to allow a party to perpetuate testimony through a deposition before an action is filed or while the action is pending appeal.  Fed. R. Civ. P. 27 (a)–(b); (see doc. 190, pp. 6–8.)  Petitioner acknowledges, however, that this matter is not governed by the Federal Rules of Civil Procedure since, "unlike the usual civil litigant in federal court, [a habeas petitioner] is not entitled to discovery as a matter of course."  (Doc. 190, pp. 5–6 (quoting Bracy, 520 U.S. at 904).)  Nevertheless, Petitioner contends that Rule 27 principles permit the Court to allow the depositions of the Rileys.  (Doc. 190, 6–8 (citing Horning v. Broomfield, No. 2:10-cv-01932, 2022 WL 17178358 (E.D. Cal. Nov. 22, 2022); and Lenart v. Warden, San Quentin State Prison, No. CIV S-05- 1912, 2012 U.S. Dist. LEXIS 49051 (E.D. Cal. Apr. 6, 2012).)

Yet even in the limited cases that Petitioner relies on, the courts still follow the basic principle that, in exercising the court's constrained discretion to allow a perpetuation of testimony, Rule 6(a) and § 2254 govern habeas actions. See Horning, 2022 WL 17178358, at *2. Accordingly, Petitioner's Motion to Perpetuate Testimony requires the same analysis as his Motion for Evidentiary Hearing and Discovery. For the reasons discussed in the previous section, Petitioner's failure to overcome the diligence threshold precludes additional discovery, which includes deposing the Rileys. See supra, Discussion Section I.B. Accordingly, Petitioner's Motion to Perpetuate the Testimony of Charles and Darquitta Riley is **DENIED**. (Doc. 190.)

## CONCLUSION

For these reasons, the Court **DENIES** Petitioner's Renewed Motion for Discovery and an Evidentiary Hearing. (Doc. 180). Because Petitioner possessed the additional evidence and neglected to present it at the appropriate time, he cannot satisfy the diligence threshold required for an evidentiary hearing. Moreover, additional discovery is not appropriate, and Petitioner's Motion to Perpetuate the Testimony of Charles and Darquitta Riley must also be **DENIED**. (Doc. 190). In sum, after reviewing the entire record, including the new information, neither discovery nor an evidentiary hearing are warranted. The Court **DISMISSES** Petitioner's Section 2254 Motion, and **DIRECTS** the Clerk of Court to enter the appropriate judgment and **CLOSE** this case.

**SO ORDERED**, this 25th day of March, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA