**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

ASHLEY LYNDOL JONES,

        Petitioner,

    v.

WARDEN, Georgia Diagnostic and
Classification Center,

        Respondent.

CIVIL ACTION NO.: 5:02-cv-116

## **O R D E R**

Before the Court is Petitioner Ashley Lyndol Jones's Motion to Alter and Amend the Judgment Entered on March 27, 2024, and Application for a Certificate of Appealability. (Doc. 197.) On March 27, 2024, the Court denied Petitioner's Motion for Discovery and an Evidentiary Hearing, (doc. 180), and Petitioner's Motion to Perpetuate the Testimony of Charles and Darquitta Riley, (doc. 190). (Doc. 195.) Petitioner now argues the Court's ruling was based on erroneous fact-finding and legal analysis, abusing the Court's discretion. (Doc. 197, p. 3.) Respondent filed a Response in Opposition, (doc. 199), and Petitioner filed a Reply, (doc. 201). For the reasons below, the Court **GRANTS in part** and **DENIES in part** Petitioner's Motion. (Doc. 197.)

## BACKGROUND[1]

In 1995, Petitioner was convicted of murder and sentenced to death in Georgia state court. (Doc. 173, p. 2.)  The Supreme Court of Georgia affirmed Petitioner's conviction and sentence. Jones v. State, 481 S.E.2d 821, 826 (Ga. 1997).  Following the February 1998 issuance of his execution warrant, Petitioner filed a state habeas corpus petition in the Superior Court of Butts County.  (Doc. 37, p. 3.)  On September 9, 1998, Petitioner filed his "Notice of Deposition and Notice of Production from a Non-Party" with the state habeas court, in which he sought to depose select trial jurors in relation to a juror misconduct claim.  (Id. at p. 7.)  Petitioner explained to the state habeas court that after the guilt phase of trial, two jurors were excused for medical reasons. (Doc. 104-41, pp. 1–2.)  Petitioner contacted these jurors, Blevins and Douglas, to learn more about their dismissals.  (Id. at p. 2.)  Douglas would not speak about the case, and Blevins said she could not sentence Petitioner to death based on the evidence she heard.  (Id. at pp. 2–3.)  Blevins also mentioned that she saw another female juror with a Bible and some jurors drinking alcohol. (Id. at p. 3.)  However, Blevins declined to testify or submit any written statement about these observations.  (Doc. 173, p. 11; doc. 112, pp. 16–18.)  Petitioner represented to the state habeas court that only these two jurors were successfully contacted.  (Doc. 104-41, p. 3.)

In response to Petitioner's "Notice of Deposition and Notice of Production from a Non-Party," Respondent moved for a protective order to prohibit the depositions, arguing that Petitioner had "made no showing" as to why depositions were necessary or relevant.  (Doc. 37, p. 7.)  The state habeas court granted Respondent's motion and precluded Petitioner from deposing those jurors.  (Id.)

---

[1]  The Court recounted the factual background of Petitioner's conviction in detail in its March 25, 2024, Order denying Petitioner's Renewed Motion for Discovery and Evidentiary Hearing and Motion to Perpetuate Testimony of Charles and Darquitta Riley.  (See doc. 195, p. 2.)

Petitioner did not seek reconsideration of that decision until after the state court habeas hearing, which occurred on March 15, 1999, before the state habeas court's ultimate denial of the petition on January 7, 2000.  (Id. at pp. 3, 7.)  Petitioner then moved for reconsideration, but the state habeas court denied that motion, finding Petitioner had been afforded a full and fair state habeas evidentiary proceeding.  (Id. at pp. 7–8.)  Specifically, the state court held that

> nothing prohibited Petitioner from speaking with the jurors or others to establish a basis for deposing them or from obtaining affidavits from any of the jurors or others to submit to this Court.  However, Petitioner failed to provide this Court with any evidence that would necessitate the deposing or subpoenaing of jurors to give testimony in this case.

(Id. at p. 8.)  Petitioner's appeal on the juror issues was summarily denied.  (Id.)  After these unavailing state court proceedings, Petitioner sought habeas relief in federal court under 28 U.S.C. § 2254 in December 2002.  (Doc. 5.)

While seeking habeas relief in this Court, Petitioner argued that, among other things, he should receive discovery and an evidentiary hearing to develop his juror misconduct claim.  (Docs. 32, 88.)  Specifically, Petitioner alleged that Blevins's observations of the Bible and the drinking jurors suggested that there had been extrinsic influence on the jury and warranted discovery or a hearing.  (Doc. 88, p. 11; see also doc. 112.)  Petitioner further asserted that trial counsel was ineffective for failing to properly object and preserve the issue.  (Doc. 32, p. 20.)  The Court found Petitioner had failed to show the necessary "good cause" for discovery on these facts and that he had failed to show grounds for an evidentiary hearing because the alleged observations by Blevins, even if true, did not rise to the level of juror misconduct or extraneous influence.  (Docs. 37, pp. 19–20; 112, pp. 17–18; see also doc. 173, pp. 11–12.)  The Court eventually denied Petitioner's habeas petition in all respects, (doc. 153), and denied Petitioner's motion for a certificate of appealability, (doc. 161).

In 2022, however, the Eleventh Circuit Court of Appeals granted a limited certificate of appealability to consider, among other things, whether Petitioner in fact should receive discovery or an evidentiary hearing to develop his juror misconduct claim. (Doc. 173, p. 2.) Following oral argument before the Eleventh Circuit on this issue, Petitioner discovered relevant "work product generated [in 1998] during [his] state habeas proceedings" that provides additional details related to his juror misconduct claim. (Doc. 173, p. 12.) Specifically, Petitioner found notes taken by a paralegal memorializing her interviews with some jurors from his trial. (Id.) According to the notes, which are dated August 15, 1998—more than six months before the Superior Court's evidentiary hearing on Petitioner's state habeas claim—juror Charles Riley told the paralegal that he had started a Bible study with the other jurors and that the jurors had prayed together before court and at night in their hotel. (Doc. 180-1, p. 29.) Charles Riley also said that the bailiff brought a Bible to the jury in the deliberation room. (Id.) Petitioner offered "[t]hese records [to] correct counsel's misimpression that [Petitioner]'s state habeas team was able to speak with only two jurors, [Douglas] and [Blevins], and that their only information about possible juror misconduct came from Blevins." (Doc. 180-1, pp. 6–7.) The Eleventh Circuit noted that "it is not entirely clear why [Petitioner]'s current federal counsel didn't find these documents earlier," but granted Petitioner's motion to supplement the appellate record with the new information. (Doc. 173, p. 13.) Because the supplemented record presented a "slightly different case," the Eleventh Circuit remanded the matter to this Court so it could decide these "fact-sensitive issues on the supplemented record," including how "the late discovery of the juror notes may affect the due-diligence calculus." (Id. at p. 14.)

Following remand, Petitioner filed a Renewed Motion for Discovery and an Evidentiary Hearing, (doc. 180), and a Motion to Perpetuate the Testimony of Charles Riley and his wife,

Darquitta Riley, both now in their eighties, (doc. 190). After considering the supplemented record, the Court denied both motions. (Doc. 195.) As to the Renewed Motion for Discovery and an Evidentiary Hearing, the Court found that because "Petitioner possessed the additional evidence and neglected to present it at the appropriate time, he [could not] satisfy the diligence threshold required for an evidentiary hearing." (Id. at p. 12.) Similarly, regarding the Motion to Perpetuate Testimony, (doc. 190), the Court held that "Petitioner's failure to overcome the diligence threshold precludes additional discovery, which includes deposing the Rileys." (Id.)

Petitioner then filed the at-issue Motion to Alter and Amend Judgment, pursuant to Federal Rule of Civil Procedure 59(e), and Application for a Certificate of Appealability ("COA"). (Doc. 197.) Specifically, Petitioner argues that the Court's ruling "was based on erroneous fact finding and legal analysis and was an abuse of the Court's discretion." (Id. at p. 3.) Respondent filed a Response in Opposition, (doc. 199), and Petitioner filed a Reply, (doc. 201).

## DISCUSSION

The granting of a motion to reconsider or a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cnty., No. 1:10-cv-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (citation omitted). The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)). Rather, "[a] movant must set forth facts or law of a strongly convincing nature to induce the court to reverse

its prior decision." <u>Smith</u>, 2012 WL 1355575, at *1 (internal quotations omitted). Rule 59(e) does not specifically provide any basis for relief, but district courts in the Eleventh Circuit have recognized three grounds that justify reconsidering a judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. <u>See, e.g.</u>, <u>Ctr. for Biological Diversity v. Hamilton</u>, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); <u>Richards v. United States</u>, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); <u>Aird v. United States</u>, 339 F. Supp. 2d 1305, 1312 (S.D. Ala. 2004) (quoting <u>Pac. Life Ins. v. Am. Nat'l Fire Ins.</u>, 148 F.3d 396, 403 (4th Cir. 1998)).

Petitioner seemingly argues for reconsideration under the third category, which requires him to show that the Court committed a "clear and obvious error which the interests of justice demand that [it] correct," <u>Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.</u>, 763 F.2d 1237, 1239 (11th Cir. 1985). First, Petitioner argues that, in finding he was not diligent during his state habeas proceeding, the Court erroneously ignored his dogged efforts to pursue his juror misconduct claim in the face of numerous state-imposed obstacles. (Doc. 197, pp. 3–17.) Second, Petitioner asserts the Court committed a legal error in concluding that his lack of diligence in state court precluded him from deposing the Rileys to perpetuate their testimony. (<u>Id.</u> at pp. 18–20.) Such shortcomings, Petitioner argues, amount to an abuse of the Court's discretion. (<u>Id.</u> at p. 3.) For the reasons explained below, the Court **GRANTS in part** and **DENIES in part** Petitioner's Motion to Alter and Amend the March 27, 2024, Judgment under Rule 59(e).

## I.    Petitioner's Request to Reconsider the Determination that he Failed to Satisfy Section 2254(e)(2)'s Diligence Threshold

Petitioner argues that the Court's finding of insufficient diligence is predicated on numerous legal and factual errors. According to Petitioner, the Court erred in thinking that the recovered notes were "evidence" that he should have presented in state habeas proceedings to

prove the juror-misconduct claim; in failing to consider the determined efforts that Petitioner's state habeas attorneys made to investigate juror misconduct; and in stating that Petitioner conceded he had access to the notes from the time they were drafted.  (Id. at p. 5.)  Respondent, in response, argues that Petitioner has failed to identify proper grounds for reconsideration and has not made any argument that properly supports his request.  (Doc. 199, pp. 3–4.)

In reaching the Court's now challenged conclusion, the Court noted that "[d]iligence for purposes of [Section 2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." (Doc. 195, p. 8 (quoting Williams v. Taylor, 529 U.S. 420, 435 (2000)).)  Although "[t]he information in the interview notes . . . has long been in [Petitioner's] possession," he failed to present the information in the notes to the court during his state habeas proceedings.  (Id.)  The Court therefore concluded, "it can no longer be said that Petitioner made a reasonable attempt, *in light of the information available at the time*, to investigate or develop [his] claim of juror misconduct."  (Id.)  Indeed, Petitioner admits in his Reply in support of the Motion to Amend that "his legal team[] fail[ed] to utilize the information about juror misconduct set forth in [the] memorandum."  (Doc. 201, p. 4.)  Nevertheless, Petitioner asserts the Court's conclusion was a clear error.

First, Petitioner takes issue with the fact that the Court passingly referred to the information contained in the interview notes as "evidence" because, Petitioner argues, the notes themselves would not have been admissible and are therefore not "evidence."  (Doc. 197, p. 8.)  However, regardless of whether the notes' contents were technically "evidence," it was Petitioner's failure to use and develop that information that led to the Court's finding that he failed to exercise due

diligence.[2]  (Doc. 195, p. 8.)  The Court's use of the word "evidence" is not the sort of issue that

warrants the extreme remedy of reconsideration, and whether the interview notes themselves are

admissible is beside the point.  It is not apparent that the passing reference to "evidence" amounts

to "clear and obvious error which the interests of justice demand that [the Court] correct."  Am.

Home Assurance Co., 763 F.2d at 1239.

      At any rate, within the eight-page section of Petitioner's Motion titled "The Court erred in

considering the [interview notes] to constitute evidence of juror misconduct," only the first

paragraph actually addresses the "evidence" designation.  (See doc. 197, pp. 8–9.)  The remainder

of the section simply relitigates the same arguments Petitioner previously laid out in support of his

claim that he was, in fact, sufficiently diligent.  (See id. at pp. 9–15.)  Though Petitioner apparently

wishes to reargue this issue, "motions for reconsideration may not be used to present the court with

arguments already heard and dismissed or to repackage familiar arguments to test whether the

court will change its mind."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (first

citing Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga.

2000); and then citing Johnson v. United States, No. Civ. A. 1:96CV1757JOF, 1999 WL 691871,

at *1 (N.D. Ga. July 14, 1999)).

      Similarly, Petitioner attempts to relitigate whether he actually possessed the interview

notes during his state-habeas proceeding in 1998.  (Doc. 197, pp. 15–17.)  Petitioner's attempt to

relitigate this issue is improper on a Motion to Alter and Amend Judgment—not to mention in

---

[2]  As noted by the Eleventh Circuit, "[t]he juror-interview notes have existed since 1998 and were in [Petitioner]'s lawyers' possession all along, yet no set of lawyers discovered them."  (Doc. 173, p. 13.) This Court clearly held that "Petitioner offer[ed] no reason why this important *information* was not used to previously develop his claim, except that, in sum, it was 'a particularly chaotic time.'"  (Doc. 195, p. 9 (citing doc. 180, p. 31 n.25) (emphasis added).)

conflict with Petitioner's prior briefing throughout this case.[3]   The Eleventh Circuit, once more, has long held that these motions "cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'"  Team Servs. Inc. v. Securitas Elec. Sec., Inc., No. 22-12840, 2023 WL 6890660, at *8 (11th Cir. Oct. 19, 2023) (quoting Jacobs, 626 F.3d at 1344).  Petitioner's Motion "[does] nothing but ask the district court to reexamine an unfavorable ruling."  Jacobs, 626 F.3d at 1344.  On the issue of Petitioner's failure to satisfy § 2254(e)(2)'s diligence threshold, the Court **DENIES** Petitioner's Motion to Alter and Amend the March 27, 2024, Judgment.  (Doc. 197.)

## II.    Petitioner's Request to Reconsider the Denial of his Request to Depose the Rileys

Petitioner next argues the Court should reconsider its denial of his request to perpetuate the testimony of Charles and Darquitta Riley.  (Doc. 197, pp. 18–20.)  Petitioner first sought these depositions in his post-remand Motion for Discovery but couched the request in terms of seeking "discovery."  (See, e.g., doc. 180 at p. 30 (arguing that discovery in the form of compelled testimony is necessary because numerous jurors still refuse to discuss the case with investigators).)  Then, Petitioner filed his Motion to Perpetuate the Testimony of Charles and Darquitta Riley.  (Doc. 190.)  Petitioner there acknowledged that a habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course," but claimed that the Court had "inherent and equitable authority to permit the depositions of Charles and Darquitta Riley," . . . "while this Court decides Mr. Jones's entitlement to discovery and/or an evidentiary hearing."  (Id. at pp. 5, 12.)  Petitioner then argued "Rule 27, *for instance*, authorizes district courts to permit

---

[3]  (See doc. 188, p. 7 ("[Petitioner's] counsel's oversight during the twenty years this case has been pending in federal court has [no] bearing on the § 2254(e)(2) question."); see also id. at p. 8 (Petitioner "apparently possessed additional information . . . that he could have proffered to the state habeas court in support of his right to develop the claim")).)

depositions to perpetuate testimony even in the absence of a pending lawsuit or after jurisdiction has divested due to an appeal." (<u>Id.</u> (emphasis added) (citing Fed. R. Civ. P. 27(a) and (b).)

Indeed, Federal Rule of Civil Procedure Rule 27 ("Rule 27") authorizes a deposition to perpetuate testimony (a) "before an action is filed;" or (b) pending appeal, "where a judgment has been rendered." Fed. R. Civ. P. 27(a). When Petitioner filed his Motion, this case was open after its remand, and no post-remand judgment had been rendered. Thus, he could not and did not rely on Rule 27 to seek the Riley depositions. Instead, Petitioner relied on the Court's "inherent and equitable authority" and used Rule 27 as corollary for when depositions may be taken, aside from typical discovery. Furthermore, Petitioner moved the Court "to permit him to schedule the depositions of Charles and Darquitta Riley, at a time and place mutually convenient to the parties and deponents, in order to preserve their testimony *while this Court decides Mr. Jones's entitlement to discovery and/or an evidentiary hearing*." (Doc. 190, p. 12 (emphasis added).) When the Court denied the Motion for Discovery, (doc. 180), it did so in part because the specific relief requested—which was to preserve the testimony pending the decision on the discovery and/or evidentiary hearing—was no longer available. Based on the Petitioner's motions, and relying on the assertions contained within them, the Court concluded that "Petitioner's failure to overcome the diligence threshold precludes additional discovery, which includes deposing the Rileys." (Doc. 195, p. 12.)

In his Motion for Reconsideration, Petitioner now argues that "[a] deposition to perpetuate testimony, however, is not discovery." (Doc. 197, p. 18.) In support, Petitioner claims that Federal Rule of Civil Procedure 27(b)[4] is "not a substitute for discovery" but rather a tool that is "available

---

[4] Rule 27(b)(1) provides that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P. 27(b)(1).

in special circumstances to preserve testimony which could otherwise be lost." (<u>Id.</u> (quoting <u>Ash v. Cort</u>, 512 F.2d 909, 912 (3d Cir. 1975).) Moreover, he claims Rule 27 authorized the district court to permit the Riley depositions regardless of the due diligence burden because he is not "seeking to discovery what the Rileys will say" but instead "wishes to preserve their important testimony." (Doc. 190, p. 5.) Respondent counters that Petitioner "has not provided any binding precedent, or persuasive precedent, showing that it was an abuse of a district court's discretion to deny a motion to perpetuate testimony in a § 2254 case where the petitioner was not entitled to discovery or an evidentiary hearing." (Doc. 199, p. 12.) Respondent maintains that Rule 27 only "offers a simple method of perpetuating testimony in cases *where it is usually allowed* . . .," and that Petitioner is not allowed to perpetuate testimony under the Rules Governing § 2254 cases and § 2254(e)(2). (Doc. 191 at 4 (emphasis added by Respondent).) Respondent also argues that Petitioner has not met his burden under Rule 59(e) because he did not present newly discovered evidence or expose any manifest error of law or fact. (Doc. 199, p. 4.)

### A. The Court Alters its Characterization of Petitioner's Prior Motion.

Several things need addressing. First, Petitioner's argument only seeks redress of the Court's denial of the Rule 27 deposition—not alteration of the judgment of issues on remand. (<u>Compare</u> docs. 173, 180, 190, 195.) Second, there has been clear error here, but not in the manner argued by Petitioner. It was not error for the Court to decline to exercise its inherent and equitable powers to permit the depositions pending the resolution of a motion which was denied. (<u>See</u> doc. 195, pp. 11–12.) Furthermore, it cannot be said that it was error to hold that Petitioner is limited by Rule 6 and § 2254(e)(2) when pursuing discovery in habeas cases. (<u>See id.</u> at p. 12.) However, whether Petitioner had failed to meet his Rule 27 burden, and whether his failure to establish due diligence precluded a Rule 27 deposition, was not before the Court. Thus, the Court's

characterization of their argument, which stated that Petitioner "invoked" Rule 27, was, in fact, error. Petitioner did no such thing.

In other words, it was error for the Court to characterize Petitioner's Motion as a Rule 27 Motion. Such error would be harmless, except that the Court's erroneous characterization of the Petitioner's Motion precluded Petitioner from filing a post-judgment Rule 27 motion in the proper course, except as a Motion for Reconsideration contained within their Rule 59 Motion to Alter or Amend, which demands movants meet a higher threshold than Rule 27 before relief is granted. For example, a party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994). Additionally, and, as Respondent noted, "'[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" (Doc. 199, p. 4 (citing Arthur, 500 F.3d at 1343).) Neither burden has been met here regarding the substance of the March 25, 2024, holding. However, the decision to alter or amend a judgment under Rule 59(e) is at the district court's discretion. See Am. Home Assurance Co., 763 F.2d at 1238–39. Therefore, the Court **GRANTS** Petitioner's motion, in part, (doc. 197), to clarify that the prior order should have denied the relief because the Court declined to use its inherent authority to grant Petitioner's prejudgment request to perpetuate depositions pending the resolution of the Motion for Discovery—the motion which pended at that time (not a timely filed motion based on Rule 27(b)). (Doc. 180.)

**B.    The Court Construes Petitioner's Current Arguments as a Rule 27(b) Motion to Perpetuate Testimony and Grants that Motion.**

This does not end the inquiry. As noted by the Court already, the Court's error in articulation has precluded Petitioner from filing a timely (as in, post-judgment) motion to

perpetuate the deposition testimony of the Rileys, except as a motion for reconsideration. Given the Court's error, as well as the delays which already put the evidence at risk of being lost, the Court has construed this portion of Petitioner's Motion to Alter or Amend, (doc. 197, pp. 18–20), as a timely filed motion to perpetuate the testimony of the Rileys pursuant to Rule 27(b). Each party has squarely presented their arguments on this point through their reconsideration briefing because each party fairly interpreted the Court's March 2024 holding as one disallowing Rule 27(b) relief. The Court thus reviews those arguments and **GRANTS** Petitioner's request to perpetuate the testimony of the Rileys, for the reasons below.

### 1. Petitioner's Lack of Due Diligence Does Not Thwart his Rule 27 Request.

As the Court pointed out in its prior Order, "in exercising the court's constrained discretion to allow a perpetuation of testimony, Rule 6(a) [of the Rules Governing § 2254 Cases] and § 2254 govern habeas actions."[5] (Doc. 195, p. 12 (citing <u>Horning v. Broomfield</u>, No. 2:10-CV-01932 DAD DB, 2022 WL 17178358, at *2 (E.D. Cal. Nov. 23, 2022), <u>reconsideration denied</u>, No. 2:10-CV-01932-DAD-DB, 2023 WL 2276825 (E.D. Cal. Feb. 28, 2023).) Rule 6(a) of the Rules Governing Section 2254 Cases provides that a judge may, "for good cause," authorize a habeas petitioner to conduct discovery and to that end, adopts the discovery devices available under the Federal Rules of Civil Procedure. <u>See</u> 28 U.S.C. § 2254, Rule 6(a). Furthermore, the advisory committee's notes to the 1976 adoption specifically incorporate and categorically reference "the processes of discovery available under the Federal Rules of Civil Procedure (rules 26-37) if, and to the extent that, the judge allows." <u>See also id.</u>, advisory committee's note to 1976 adoption. "Good cause" to conduct discovery under Rule 6(a) exists when "specific allegations before the

---

[5] Rule 6(a) of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254.

court show reason to believe that the petitioner may, if the facts are fully developed be able to demonstrate that he is . . . entitled to relief." See Bracy v. Gramley, 520 U.S. 899, 908–09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969). Furthermore, as noted by this Court in its prior order, the "additional barrier" of due diligence codified in § 2254(e)(2) applies to "a habeas petitioner's right to discovery or an evidentiary hearing." Isaacs v. Head, 300 F.3d 1232, 1249 (11th Cir. 2002). Thus, discovery in § 2254 cases is very limited because the state prisoner must not only satisfy Rule 6's good cause standard, but also the requirements of AEDPA found in 28 U.S.C. § 2254(e)(2). Id. Because the advisory committee's notes suggest that "rules 26-37" are contemplated by Rule 6(a)'s limitation, it appears that Rule 27 constitutes "discovery" according to the advisory notes to the rules, and therefore a petitioner's entitlement to a Rule 27 deposition is limited further by § 2254(e)(2)'s due diligence requirement as well.

In contrast, many courts in non-habeas cases have distinguished a Rule 27 motion from a motion for discovery. See Ash, 512 F.2d at 911 ("Unlike the usual discovery motion, . . . motions to perpetuate testimony must be judged by different standards."); Petition of Ferkauf, 3 F.R.D. 89, 91 (S.D.N.Y. 1943) ("[R]ule 27 was not intended to be used as a discovery statute"); 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 348 (E.D. Pa. 2000) (internal citation omitted) ("The same policy considerations that inform the court's judgment under Rule 27(a) also govern the court's discretion under Rule 27(b). In other words, Rule 27(b), like its Rule 27(a) counterpart, is also not a substitute for discovery . . . ."); In re Certain Investor in EFT Holdings Inc. to Perpetuate Testimony of Mr. Jack Qin under FRCP Rule 27, No. CV 13-0218, 2013 WL 3811807, at *4 (C.D. Cal. July 22, 2013) (internal quotation omitted) ("[I]t is well settled that Rule 27 simply authorizes the *perpetuation* of evidence, not the discovery or uncovering of it."); Miller v. Louisiana, No. 6:11-cv-1764, 2011 WL 6300559, at *3 (W.D. La. Dec. 15, 2011)

("While Rule 27 authorizes the perpetuation of evidence, it does not authorize discovery to uncover evidence."); see also Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 976 (11th Cir. 1985) (relying on Ash, 512 F.2d at 913). Petitioner insists that distinction is relevant here, as it tends to indicate that § 2254(e)(2)'s diligence threshold does not apply to a motion to perpetuate testimony under Rule 27 because Rule 27 is "not discovery," despite the advisory notes to Rule 6 of the Rules Governing Section 2254 Cases, which suggest it is.

The Eleventh Circuit has acknowledged that a Rule 27 "avenue" is, at least, theoretically available in habeas cases regardless of their prospective success but has not addressed this issue head-on in any case since AEDPA was enacted. See United States v. Cuya, 964 F.3d 969, 973 n.4 (11th Cir. 2020) (affirming denial of request for discovery in anticipation of lodging § 2255 petition, but noting that, at least in civil cases, "[t]here is one avenue for a party considering federal litigation to seek some form of discovery -- Federal Rule of Civil Procedure 27 -- but that is a very narrow rule and only allows for the perpetuation of testimony.") Prior to AEDPA, the Fifth Circuit in In re Sims, 389 F.2d 148, 150 (5th Cir. 1967),[6] found that habeas petitioners were entitled to perpetuate testimony of certain witnesses "to preserve evidence which may be material and competent in further actions which may be filed," without regard to the concerns supporting the forthcoming § 2254(e)(2) due diligence limitation. Id. at 151. As well, other courts have found Rule 27 does not limit a court's power to entertain an action to perpetuate testimony in habeas proceedings. Calderon v. U.S. Dist. Ct. for N. Dist. of Cal., 144 F.3d 618, 621 (9th Cir. 1998); accord Martin v. Reynolds Metals Corp., 297 F.2d 49, 55 (9th Cir. 1961) (court has the power to order taking of deposition for purpose of perpetuating evidence); see also In re Whitehead, 476 F.

---

[6] The Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

App'x 281, 282 (3d Cir. 2012) (applying Rule 27 in a habeas context); <u>Horning</u>, 2022 WL 17178358, at *7; <u>Miller</u>, 2011 WL 6300559, at *3 (same).

The Court finds itself confronted with contrary authorities on whether a petitioner must overcome § 2254(e)(2)'s due diligence burden to procure testimony propounded under Rule 27. However, the persuasive cases—and binding, albeit pre-AEDPA Fifth Circuit precedent—that have allowed Rule 27 depositions in the habeas context outweigh the advisory committee's notes' bulk inclusion of what constitutes discovery, and further, what requires a due diligence showing. The Eleventh Circuit has held only that § 2254(e)(2)'s diligence threshold applies to a habeas petitioner's right to discovery or an evidentiary hearing—not that Rule 27 is a discovery motion in habeas cases.  <u>See</u> <u>Isaacs</u>, 300 F.3d at 1249.  Meanwhile, Respondent has not argued that a motion to perpetuate testimony is merely a motion for a specific form of discovery (nor offered any caselaw asserting such a conclusion).  The Court is sure that the concerns manifested by § 2254(e)(2)[7] are not at issue in a Rule 27 deposition for the same reasons that courts have excluded it from discovery in non-habeas cases: the testimony propounded does not constitute "discovery." Similarly, here, until a court allows the Petitioner to pursue discovery or expand the record, it similarly does not constitute discovery.  Considering the stakes at issue in this capital case, the Court finds that Rule 27(b) may be invoked by Petitioner despite its prior finding that it cannot accept evidence in a hearing outside the state court's record, or allow discovery, due to Petitioner's lack of diligence.

---

[7] <u>Cullen v. Pinholster</u>, 563 U.S. 170, 186 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'") (quoting <u>Williams v. Taylor</u>, 529 U.S. 420, 437 (2000)).

To be clear, because Petitioner's requested relief, which the Court has construed as a motion to perpetuate deposition testimony under Rule 27(b) is no longer incorporated into or awaiting disposition on the Portioner's Motion for Discovery, the Court upholds its March 25, 2024, Order denying Petitioner's entitlement to discovery.  (Doc. 195, pp. 5–11.)  Indeed, by recognizing that a Rule 27(b) deposition may be taken without concern for the due diligence required under § 2254(e)(2), the Court's prior holding that Petitioner failed to meet his § 2254(e)(2)'s diligence threshold is undisturbed.  Petitioner's argument for pursuing the testimony now convincingly makes explicit its request to seek a Rule 27 deposition, and not to pursue discovery.  Consequently, the issue is squarely before the Court in a manner it was not previously presented.  As well, a grant or denial would not impact the substantive judgment on the issue remanded by the Eleventh Circuit.

### 2.  Petitioner's Request Satisfies Rule 27.

Construing his request as a motion to perpetuate testimony under Rule 27, the Court must determine whether Petitioner has met his burden to perpetuate testimony of the Riley's.  Rule 27 provides in pertinent part that:

> The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.
>
> The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court.  The motion must show:
>
> (A) the name, address, and expected substance of the testimony of each deponent; and
>
> (B) the reasons for perpetuating the testimony.
>
> If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken.

Fed. R. Civ. P. 27(b)(1)–(3).

In Respondent's original Response in Opposition to Petitioner's Motion to Perpetuate Testimony, Respondent primarily argued that Petitioner's lack of diligence precludes the Court from granting this motion.[8] (Doc. 191, pp. 3–5.) For the reasons already discussed, the Court is unpersuaded that § 2254(e)(2) restricts Rule 27 depositions. Respondent also argued that, "other than alleging Charles Riley and his wife are in their 'early eighties,' Jones had made no showing that their testimony is in danger of being lost." (Id. at p. 5.) However, courts have routinely held that advanced age is a valid reason to allow the perpetuation of testimony. See Penn Mut. Life Ins. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (permitting deposition of elderly witnesses to preserve testimony); see also Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967) (directing district court to allow Rule 27(a) deposition because "it would be ignoring the facts of life to say that a 71-year old witness will be available, to give his deposition or testimony, at an undeterminable future date"); De Wagenknecht v. Stinnes, 102 U.S. App. D.C. 89, 250 F.2d 414, 417 (D.C. Cir. 1957) (permitting Rule 27 deposition of seventy-four year old witness because "[t]here can be no certainty that this testimony [will] still be available when the controversy is ready for litigation); Qin v. Deslongchamps, 31 F.4th 576, 581 (7th Cir. 2022) ("Rule 27 provides only for the perpetuation of testimony that is at risk of becoming unavailable . . . . This includes the testimony of a witness who is aged or seriously ill . . . ."); Horning, 2022 WL 17178358, at *2 ("[C]ourts have found that advanced age or infirmity of a witness presents a compelling reason to justify perpetuating that witness's testimony."). Indeed, in Texaco, the Third Circuit held it was an abuse of discretion for the district court to deny the motion for a Rule 27 deposition of a seventy-one-year-old based on the court's insistence that "age standing alone is meaningless." 383 F.2d at 609. Here, the Rileys' age and the unique facts of this case included a tortured procedural history

---

[8] Respondent does not argue, for example, that the technical requirements of deponents' names, address, and expected substance of the testimony are not satisfied by Petitioner's motion. (See generally doc. 191.)

warrants the perpetuation of the Rileys' testimonies. If a court ever addresses the merits of Petitioner's juror misconduct claim, the Eleventh Circuit has already suggested that the substance contained within the Rileys' testimony may be crucial. (<u>See</u> doc. 173, pp. 12–13.) Although the Federal Rules regarding discovery do not apply completely and automatically in habeas proceedings, preserving this testimony is a measure "which will allow development . . . of the facts relevant to disposition of the habeas corpus petition," <u>Harris</u>, 394 U.S. at 298, and furthermore, the Court will permit the deposition to be taken because it "may prevent a failure or delay of justice." Fed. R. Civ. P. 27(b). To be clear, this holding is limited to the unique facts of this case and should not be extended to other cases.

In summary, the Court **GRANTS** Petitioner's Motion to Alter or Amend to clarify its prior denial of Petitioner's request for discovery. The Court also construes Petitioner's current arguments as a timely filed Motion to Perpetuate Testimony under Rule 27(b), and **GRANTS** that request. However, the Court's order merely preserves the status quo. The Court is convinced it cannot accept evidence beyond the state court record given Petitioner's failure to diligently pursue his claim there. Thus, unless and until a court affirmatively authorizes discovery from these witnesses, thereby reversing this Court's § 2254(e)(2) holding, these materials shall be kept under seal from the undersigned and from the public at large to the extent and as long as necessary to prevent tainting the federal court's review of the case, a review which must be conducted upon the state court record unless Petitioner obtains a reversal. <u>Pinholster</u>, 563 U.S. at 182 ("Our cases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did."). Petitioner may not use the evidence gained from the deposition in support of any claim until such a reversal is obtained, or unless so ordered by a higher court.

III.    **Petitioner's Request for a Certificate of Appealability**

Petitioner next argues that the Court should grant him a COA as to numerous prior orders. First, he requests a COA on the Court's denial of discovery and an evidentiary hearing.[9] (Doc. 197, pp. 20–24.)  Second, he reincorporates in full his prior COA application, (doc. 157), which pertained to the following issues: "(1) trial counsel's ineffective representation at sentencing; (2) the trial court's change of venue to an adjacent county saturated by the same media that contaminated the original jurisdiction; and (3) this Court's denial of discovery and an evidentiary hearing to address claims regarding the excusal of two jurors and the possible incompetence of another."  (Doc. 197, p. 21.)  The Court previously denied this prior motion requesting a COA. (Doc. 161.)

Under 28 U.S.C. § 2253(c), "[b]efore an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ."  Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

A.    **Whether Petitioner is Entitled to a COA on the Court's Denial of Discovery and an Evidentiary Hearing**

First, Petitioner requests that the Court enter a COA to address the Court's denial of discovery, an evidentiary hearing, and testimonial-perpetuation depositions of Charles and Darquitta Riley.  (Id.) By way of review, Petitioner sought discovery in the form of deposing the Rileys, as well as a hearing, to develop his juror-misconduct claim and associated ineffective

---

[9]  To the extent Petitioner also seeks a COA on the issue of perpetuating the Rileys' testimony under Rule 27, the COA application is **DENIED as moot** in light of the Court's ruling on Petitioner's Motion to Alter and Amend the March 27, 2024, Judgment.  See Discussion Section II.B, supra.

assistance claim that "a dismissed juror had seen one jury member holding a Bible and a few others drinking alcoholic beverages with bailiffs."  (Doc. 173, p. 11.)  The Court initially denied Petitioner's request to seek discovery because, even though he was diligent in pursuing his claims, Petitioner failed to make allegations which stated facts indicating he was entitled to relief, even if fully developed.  (Doc. 37, pp. 9, 20–21.)  Therefore, he had not shown "good cause" under Rule 6(a) of the Rules Governing Section 2254 Cases.  The Court then confirmed its assessment when it denied the evidentiary hearing as to the underlying juror misconduct claim, holding that "Petitioner ha[d] insufficiently alleged facts that, if true, would entitle him to relief."  (Doc. 112, p. 18 n.3.)  Petitioner did not continue to pursue this claim at merits briefing.  (See generally, doc. 138.)  After new evidence giving rise to the remand was discovered and the case was remanded, this Court held that Petitioner had, in fact, not exercised due diligence.  (See generally, doc. 195.) He was therefore barred from pursuing discovery and was not entitled to an evidentiary hearing to prove his juror misconduct claim.  (Id.)  Thus, although the reason for denying discovery now relies on Petitioner's lack of due diligence, the Court's prior holding also stands: Petitioner did not state facts which, even if developed further, would entitle him to relief on his juror misconduct claim.[10]  This conclusion is tantamount to an on-the-merits conclusion that Petitioner's juror misconduct claim, as well as any alleged claim of ineffective assistance of counsel related to that misconduct, failed.

As noted above, federal law provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "[T]he showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that

---

[10] Given its 2254(e)(2) holding, the Court may not consider the additional facts derived from the newly discovered juror notes to assess whether reasonable jurists might agree on whether Petitioner would be entitled to relief on this claim.  Pinholster, 563 U.S. at 186.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Buck v. Davis, 580 U.S. 100, 115 (2017) ("At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).  The Supreme Court has made clear that the issuance of a COA "must not be *pro forma* or a matter of course."  Miller-El, 537 U.S. at 337.

Here, the Eleventh Circuit's remand of the evidentiary and discovery issue provides no indication that a constitutional right has been denied, or that this Court's prior denial of the COA of the underlying claim was in error.  (Doc. 161.)  It merely asked the Court to consider whether new evidence altered the due diligence analysis.  (Doc. 173, p. 14.)  The denial of an evidentiary hearing or the pursuit of discovery, itself, would not deny the Petitioner's constitutional rights in the manner warranting a COA from this Court.  As to the underlying constitutional claim he seeks to prove by obtaining that discovery, no reasonable jurists could disagree with this Court's holding on this claim.  Petitioner failed to allege facts which, even if developed, showed that he would be entitled to relief, and accordingly has not made a substantial showing of the denial of a constitutional right.  Buck, 580 U.S. at 115; 28 U.S.C. § 2253(c)(2).  However, to the extent the claim was also procedurally defaulted, the Court denies COA because jurists of reason would not find the Court's procedural ruling debatable.  Slack, 529 U.S. at 484.  (See doc. 161, pp. 8–9 (referencing the Court's prior cache of holdings on juror misconduct as procedural default holdings).)

**B.      Whether Petitioner is Entitled to a COA on Other Claims**

Petitioner also renews in full his prior COA application, (doc. 157), regarding trial counsel's ineffective representation at sentencing, the trial court's change of venue, and this Court's denial of discovery and an evidentiary hearing to address claims regarding the excusal of two jurors and the possible incompetence of another.  (Doc. 197, p. 21 (stating that he is doing so "to preserve the record").)  The Court previously denied Petitioner's COA application on all these issues, finding that he failed to show jurists of reason could disagree with the Court's prior ruling on any of the issues.  (Doc. 161).  Following that denial, the Eleventh Circuit also considered Petitioner's COA request on all these same issues.  (Doc. 169.)  While the Eleventh Circuit granted Petitioner's Motion for a COA on two limited issues, it explicitly denied Petitioner's motion on all other grounds.  (Id. at p. 4.)  The two limited issues on which the Eleventh Circuit granted Petitioner's COA request were: (1) a portion of Petitioner's ineffective assistance of counsel claim, and (2) whether this Court erred in denying Petitioner discovery or an evidentiary hearing to develop his juror misconduct claim.  (Id.)  Then, when the Eleventh Circuit remanded this matter to this Court, the Eleventh Circuit explicitly affirmed this Court's holding on the ineffective assistance issue.  (Doc. 173, p. 14.)  Thus, in totality, the Eleventh Circuit either denied a COA on all these issues or affirmed this Court's denial of a COA on these issues.  (Docs. 169, 173.)

Aside from indicating his renewed desire to obtain a COA on these issues, Petitioner offers no additional discussion regarding ineffective representation at sentencing, change of venue, or juror excusal and/or incompetence.  (See doc. 197, pp. 20–24.)  With no additional showing—much less a substantial showing—that Petitioner was denied a Constitutional right on these issues, the Court refrains from issuing a COA on these issues, all of which were previously considered by the Eleventh Circuit and denied either directly or by affirming this Court.  The fact that the

Eleventh Circuit remanded this matter on a separate, narrow issue does not afford Petitioner a second bite at this apple.  Section III of Petitioner's present motion is **DENIED**.  (Doc. 197.)

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Petitioner's Motion to Amend or Alter Judgment.  (Doc. 197.)  Specifically, the Court **GRANTS** Petitioner's Motion to Alter and Amend Judgment on the issue of perpetuating the Rileys' testimony to clarify the basis of its holding.  The Court also construes this portion of Petitioner's Motion to Alter or Amend as a Rule 27(b) Motion to Perpetuate the Testimony of Charles and Darquitta Riley, and that Motion is hereby **GRANTED**.  However, the Court **DENIES** Petitioner's Motion to Alter and Amend Judgment regarding his failure to satisfy § 2254(e)(2)'s diligence threshold and the consequential denial of discovery.  (Doc. 197.)  The Court also **DENIES as moot** Petitioner's COA application on the issue of perpetuating the Rileys' testimony and **DENIES** Petitioner's COA application as to all other issues.  (Doc. 197.)  Aside from the issue of perpetuating the Rileys' testimony, the remainder of the Court's prior Order, (doc. 195), remains in effect.

**SO ORDERED**, this 5th day of March, 2025.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA